IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSICA GARCIA, on behalf of her minor
child, MYISHA GARCIA,

      Plaintiff,

v.                                                      CIV. NO. 05-0062  WPJ/WPL

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS, ELIZABETH EVERITT, in
her individual and official capacity, DEBI HINES,
in her individual and official capacity,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN
PART AND DENYING IN PART GARCIA'S MOTION TO COMPEL**

Plaintiff Jessica Garcia filed suit against the Board of Education of Albuquerque Public Schools (APS) and two individual defendants, seeking partial reversal of the IDEA/Section 504 administrative decision dated December 20, 2004. Garcia also asserts that APS violated the rights of her daughter, Myisha, to equal protection under 42 U.S.C. § 1983, failed to provide a public education free from disability under Title II of the ADA and Section 504 of the Rehabilitation Act of 1973, and discriminated against Myisha on the basis of race under Title VI of the Civil Rights Act of 1964. Garcia has filed a Motion to Compel Discovery from APS, seeking to compel further answers and responses to Interrogatory Nos. 3, 4 and 12, Request for Production No. 4, and Request for Admission Nos. 3 and 4. [Doc. 34] This Order will grant in part and deny in part Garcia's Motion.

*Interrogatory No. 3*

Interrogatory No. 3 asks APS whether it implemented any portion of Administrative Appeal Officer (AAO) Yohalem's decision, and if so, what portions of the decision were implemented. As APS noted in its answer, Garcia identified the wrong person as the AAO; Muriel McClelland was the AAO who issued the December 20, 2004 Decision, not Ms. Yohalem, who was the Due Process Hearing Officer. Attempting to resolve this issue without court action, on October 10, 2005 Garcia admitted she made a mistake by using Yohalem's name instead of McClelland's, and asked APS to answer whether it had implemented the decision of the AAO. [Response to Plaintiff's Motion to Compel (Response) Ex. A (Doc. 40)] On October 11, 2005 APS refused any further answer, contending that it had fully answered the interrogatory but offering to respond further if Garcia "would identify what it is that she believes was not done." [Resp. Ex. B]

APS claims that Garcia did not confer in good faith because Garcia did not further respond on this issue, and that it was not clear to APS what Garcia was seeking until Defense Counsel read the Motion to Compel.[1] [Resp. at 4.] Rule 37(a)(2)(b) requires the parties to confer in good faith or attempt to confer "in an effort to secure the information or material without court action." FED. R. CIV. P. 37(a)(2)(b). Given APS's refusal to provide a further answer on October 11, 2005, I'm not sure what APS hoped to obtain by further discussion on this interrogatory, or how Garcia could have made her interrogatory any more clear. Garcia admitted that she had misnamed the AAO, and asked APS to answer whether it had implemented any decision of the AAO. APS not only refused to accept the clarification, it also failed to ask Garcia to resubmit the interrogatory using McClelland's name

---

[1] APS also claims that Plaintiff's Motion states that Plaintiff amended her interrogatory, but the Motion does not make this statement.

2

as the AAO.

Garcia complied with Rule 37(a)(2)(b); it is doubtful whether APS made a good faith effort to confer on this interrogatory. *See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186-87 (3rd Cir. 2003) (distinguishing token efforts from good faith efforts to resolve discovery disputes). Although Interrogatory No. 3 was poorly drafted because it contained the name of the wrong person as AAO in this case, both parties knew who the AAO was and Garcia cleared up any confusion with her October 10, 2005 letter. APS shall answer this interrogatory as amended by the October 10, 2005 letter.

### *Interrogatory No. 4*

Interrogatory No. 4 asks APS to provide all facts which support APS's denial of paragraph 29 of the Complaint. APS objected on the ground that the interrogatory is ambiguous, but without waiving the objection, provided an answer to the interrogatory. Garcia complains that APS did not answer the interrogatory:

> APS says it is objecting [sic] the question, so it would be unfeasible for Plaintiff's counsel to assume that the information which follows, APS's "affirmative statement," is intended as an answer.

[Reply Brief in Support of Plaintiff's Motion to Compel (Reply) at 2 (Doc. 50)] Garcia suggests that APS should simply withdraw its objection and state its answer to the interrogatory. *Id.*

Objections are waived if not timely asserted. *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003); FED. R. CIV. P. 33(b)(4). APS is not required to waive its objection because Garcia prefers that APS do so. It is common practice for a party to state an objection to an interrogatory and then provide an answer without waiving the objection. This preserves the objection but serves the salutary purpose of providing some information to the propounding party. APS

3

answered this interrogatory; it is certainly "feasible" for Garcia to simply read the second sentence of the answer. No further response to this Interrogatory is required.

### *Interrogatory No. 12*

Interrogatory No. 12 asks APS to identify each and every reason why APS made Wilson Reading for special education teachers voluntary rather than mandatory. APS answered by directing Garcia to APS's answer to Interrogatory No. 11, which states that "APS does not require that specific programs be used to achieve" its expected goal "that children will meet or exceed state standards for every grade/content area." APS's answer is fine as far as it goes, but it simply does not answer why APS made Wilson Reading voluntary and did not mandate Wilson Reading training for special education teachers. APS shall further answer this interrogatory.

### *Request for Production No. 4*

Request for Production No. 4 requests, for all APS teachers who provided reading instruction to Myisha, records that provide information on their education, training and experience teaching reading. APS objected that the information is protected by the Family Education Rights and Privacy Act (FERPA) and the New Mexico Public Records Act, and also stated that it does not have possession of the requested documents.

FERPA generally prohibits educational agencies or institutions from maintaining a policy or practice that denies parents the right to inspect and review the education records of their children. 20 U.S.C. § 1232g (a)(1)(A)-(B). FERPA also prohibits policies or practices that permit the release of education records or other personally identifiable information about students without the consent of students or their parents. 20 U.S.C. § 1232g (b)(1)-(2). The term "education records" is defined as records which "contain information directly related to a student" maintained by the educational

4

agency and does not include records of instructional personnel. 20 U.S.C. § 1232g (a)(4)(A)-(B).

While Garcia may not have a right of access to these records under FERPA, that does not mean that FERPA creates an evidentiary privilege that is enforceable by APS. Further, APS fails to cite any specific provision under the New Mexico Public Records Act, N.M. STAT. ANN. § 14-2-1, to support its argument that the requested records are protected by the Act. While certain categories of information in personnel files are considered confidential under the Act and are not subject to release, the burden is on the custodian of the records to justify why the records sought are confidential, and APS has failed to meet that burden. *See State ex rel. Newsome v. Alarid*, 568 P.2d 1236, 1240-44 (N.M. 1977). APS shall further respond to this request by disclosing any records concerning the qualifications of teachers required under 20 U.S.C. § 631(h)(6) and shall also disclose, to the extent it has such documents, records that reflect the training and experience teaching reading for all APS teachers who provided reading instruction to Myisha.

### *Request for Admission Nos. 3 and 4*

Request for Admission Nos. 3 and 4 ask APS to admit the accuracy of the data for Albuquerque's eleven cluster high schools as shown by the 2003-2004 NMHSSA 11th Grade Reading School Results, found on the New Mexico Public Education Department (NMPED) web site, and that West Mesa High School had the worst scores for 11th grade reading testing. APS objected that it had no obligation to admit or deny statements made by the NMPED, and further stated that the document speaks for itself.

Neither party cited any authority for its position. The general rules concerning what reasonable inquiry must be made of third parties in order to properly respond to a request for admission are summarized in *Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302 (M.D.N.C. 1998).

Rule 36 is not a discovery device. *Id.* at 303. A party must make "reasonable inquiry" of "information known or readily obtainable by the party" that allows him to fairly admit or deny the request. *Id.*; FED. R. CIV. P. 36(a). Generally a party is only required to review and inquire of persons and documents that are within the responding party's control. *Uniden Am.*, 181 F.R.D. at 303-04. A party may be required to make inquiry of third parties when they have some identity of interest, such as "by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third party." *Id.* at 304. A party can also be compelled to admit or deny when a third party has spoken to the matter in a deposition. *Id.*

None of these circumstances apply in this case. There is no identity of interest between APS and the NMPED, and the NMPED has not given a deposition about the 2003-2004 NMHSSA 11th Grade Reading School Results. Therefore, I will sustain APS's objections to these requests for admissions, and APS is not required to respond further.

IT IS THEREFORE ORDERED that APS shall provide further answers and responses to Interrogatory Nos. 3 and 12 and Request for Production No. 4. Garcia's Motion to Compel Discovery from APS is denied in all other respects.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

6