IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSICA GARCIA, on behalf of her minor
child, MYISHA GARCIA,

       Plaintiff,

v.                                                                                                CIV. NO. 05-0062  WPJ/WPL

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS, ELIZABETH EVERITT, in
her individual and official capacity, DEBI HINES,
in her individual and official capacity,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN
PART AND DENYING IN PART APS' MOTION TO COMPEL**

Defendant Albuquerque Public Schools ("APS") has filed a Motion for an Order Compelling Disclosure [Doc. 60] from Plaintiff Jessica Garcia, seeking to compel further answers to Interrogatory Nos. 3, 4, 6, 8, 9 and 10. This Order will grant in part and deny in part APS' Motion.

**Interrogatory No. 3:**

Interrogatory No. 3 asks Garcia to identify all wrongful acts of APS that Garcia contends were committed by any employee of APS in his/her individual capacity**.** Garcia objected on the grounds that the interrogatory is "overbroad and incomprehensible" as it was not tied to anything specifically connected to the facts of the case. APS agreed that Interrogatory No. 3 was not properly drafted and apparently submitted a "new" Interrogatory No. 3, which Garcia has responded to with objections and an answer. Since APS did not provide a copy of the "new" Interrogatory No. 3 or Garcia's response, and did not move to compel an answer to the "new" Interrogatory No. 3, I find

that any dispute about the "old" Interrogatory No. 3 is essentially moot, and I deny APS' request to have Garcia provide a further answer to "old" Interrogatory No. 3.

**Interrogatory Nos. 4, 6, 8, 9 and 10:**

APS raises three different concerns about the answers that Garcia has provided to these Interrogatories. I will address each concern separately.

First, APS contends that Garcia has improperly answered some of the Interrogatories by referring APS to the record developed during the IDEA hearing before the due process hearing officer. This contention is well-taken. Interrogatory responses that refer in general to deposition testimony or other statements are not complete and not in compliance with Rule 33. *Union Pac. R.R. Co. v. Larkin*, 229 F.R.D. 240, 243-45 (D.N.M. 2005). APS is not required to wait until the IDEA issues are presented to the Court to learn Garcia's position on the issues. Therefore, I will require that Garcia provide answers to these interrogatories without simply making a general reference to the IDEA administrative record.

Second, APS contends that Garcia has failed to identify specific acts and witnesses who support her various claims against APS. This contention also has merit. Garcia herself asked specific, detailed questions about APS' defenses to her claims in this case (see Garcia's Interrogatory Nos. 4 and 12, attached as Exhibit 1 to Doc. 35). Contention interrogatories, which seek to clarify the basis for or scope of an adversary's claims, are a permissible form of discovery and must be properly responded to. *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998). Therefore, I will require Garcia to identify the acts or omissions of specific APS employees which support Garcia's claims against APS.

Third, APS contends that Garcia has failed to provide any computation of damages she seeks,

either in her initial disclosures or in answer to interrogatories that specifically seek this information. Under Rule 26(a)(1)(C), a party must automatically disclose "a computation of any category of damages claimed" and must produce for inspection all non-privileged materials upon which it bases its computation. *See* FED. R. CIV. P. 26(a)(1)(C). A party must supplement or correct its disclosure upon learning that it is materially incomplete or incorrect. *See* FED. R. CIV. P. 26(e)(1). A party who breaches these duties may not use any undisclosed material as evidence unless it proves that its failure to disclose was harmless or substantially justified. *See* FED. R. CIV. P. 37(c)(1); *Design Strategies, Inc. v. Davis*, 367 F. Supp. 2d 630, 634 (S.D.N.Y. 2005).

In her answer to Interrogatory No. 5, Garcia provided some brief explanation of her claims for damages for lost educational opportunity and emotional distress, although she did not provide any computation of damages for these claims. Garcia did not provide any explanation of or computation of damages for her claims for compensatory damages for discrimination and violation of constitutional rights, punitive damages, attorney's fees or costs. [Doc. 1, ¶¶ 3 - 7]

There is little case law guidance on this issue. While the rule mandating disclosure of computation of damages is easy to state, it is not as easy to apply in practice. Certain categories of damages, such as lost wages and decreased earning capacity, are reasonably easy to compute and must be appropriately disclosed. *See Burrell v. Crown Cent. Petroleum, Inc.*, 177 F.R.D. 376, 385-86 (E.D. Tx. 1997). Other categories of damages, such as pain and suffering and mental anguish, are generally considered a fact issue for the jury and are not amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C). *See id.* However, the APS interrogatories request information about Garcia's claimed damages, and the fact that certain categories of damages cannot be easily computed does not mean that Garcia need not disclose what she seeks to recover as

3

damages if she is successful in prosecuting this lawsuit. Therefore, Garcia must disclose the amount of damages that she seeks under her different theories, must disclose her computation of damages for categories of damages that may be computed (i.e., attorney's fees and costs and any other categories that may be computed), and must produce for inspection all non-privileged materials upon which she bases her computations.

**Conclusion**

The request of APS to have Garcia provide a further answer to "old" Interrogatory No. 3 is hereby denied. Garcia is ordered to provide further answers to Interrogatory Nos. 4, 6, 8, 9 and 10 that do not refer to the IDEA record, which identify the specific acts and witnesses who support her various claims against APS, which identify the damages she seeks and Garcia's computation of damages for categories of damages that may be computed, and the non-privileged materials upon which she bases her computations.[1]

It is so Ordered.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are obviously having difficulty resolving issues between themselves, as both Garcia and APS have deemed it necessary to seek my intervention on discovery disputes. The parties are advised that further discovery disputes will require their presence in Las Cruces for argument and a discussion of appropriate sanctions for failure to make good faith efforts to resolve the issues.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.