## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JESSICA GARCIA, on behalf of her minor
child, MYISHA GARCIA,

      Plaintiff,

v.                                                     CIV. NO. 05-0062  WPJ/WPL

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS, ELIZABETH EVERITT, in
her individual and official capacity, DEBI HINES,
in her individual and official capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO STRIKE EXPERT WITNESSES

THIS MATTER comes before the Court upon Defendants' Motion to Strike Designated Expert Witnesses, filed October 14, 2005 (**Doc. 31**). Defendants contend that Plaintiff failed to meet the requirements of Fed.R.Civ.P. 26(a)(2)(B) concerning expert witness reports with regard to Dr. Davis Sachs and Ms. Sandra Dillon. The motion originally included Mr. William J. Patterson, an economist, as well, but Plaintiff has since agreed to withdraw Mr. Patterson as an expert witness. Defendants seek sanctions under Rule 37(c)(1), specifically, to exclude the testimony, reports, opinions and conclusions of these individuals at trial. The motion is granted for reasons given below.

Plaintiff has identified Dr. Davis Sachs, a clinical psychologist, as an expert witness. Plaintiff submitted a copy of a psychological evaluation conducted on Plaintiff-Student as Dr. Sachs' expert "report." Plaintiff's counsel highlighted one paragraph in this report, stating in the

disclosure that Dr. Sachs "will provide expert testimony in this case to amplify the opinion stated on pages 3 and 4 of his report. . ."  Doc. 25 at 1.  Defendants contend that the report is deficient for several reasons:  it merely outlines Dr. Sachs' conclusions and does not include his notes regarding his observations during the interview of the Plaintiff-Student, it lacks complete and detailed information from which he drew his conclusions about her; and the report also fails to include the actual tests or results of the various psychological tests administered.  Defendant is unable to properly prepare a cross-examination of this witness with the information furnished thus far, and cannot properly decide whether it is financially feasible to depose, as Plaintiff's disclosures do not include the required compensation information.

Defendants describe the deficiencies of Ms. Dillon's report in a similar way: failure to submit a complete statement of Ms. Dillon's opinions and basis for the opinions; no data or information supporting unstated opinions; and no compensation information.   In her notice identifying expert witnesses, Plaintiff noted that Ms. Dillon had given testimony in other cases (copies of which testimony Plaintiff would provide Defendants upon request), as well as a report concerning the Plaintiff-Student which had been an exhibit at the due process hearing on the administrative level.  Doc. 25 at 2.   However, Plaintiff failed to identify the topics on which Ms. Dillon was expected to testify except to state that Ms. Dillon was an "expert in reading instruction for persons with reading disability."  Doc. 25 at 2.  Plaintiff stated that Ms. Dillon's name was being provided to counsel "just to alert counsel that her report would again be relied upon."  Resp. at 2.

I.      **Whether Plaintiff's Disclosures Violate Federal Disclosure Rules**

Plaintiff concedes that the disclosures pertaining to these individuals do not satisfy the

requirements of Fed.R.Civ.P. 26(a)(2)(B).  By way of excusing the failure to comply with Rule 26, Plaintiff states that she believes that the use of these individuals' reports at the administrative hearing exempts the information from disclosure required under Rule 26(a).   Plaintiff is also "unsure" whether these individuals would fall under the category of treating physicians rather than expert witnesses, and seeks clarification from the Court concerning counsel's obligations under the federal rules.  Response at 2-3.

The Court is baffled about the source of Plaintiff's confusion.  First, the exemption under Rule 26(a)(1)(E) refers to initial disclosures, *not* expert witness disclosures, which are discussed in Rule 26(a)(2).  See, Rule 26(a)(1)(E)(i).  Second, Plaintiff has brought this lawsuit to federal court alleging claims of discrimination and emotional distress damages, none of which were part of the claims alleged below on the administrative level.  In the same sentence Plaintiff argues for exemption under the federal disclosure rules, Plaintiff also acknowledges that "there are also constitutional and discrimination claims and so it is properly, at least, a hybrid action."[1] Response at 2.  Thus, even if expert reports were not necessary for actions for review on an administrative record (which would be an incorrect conclusion under the express language of the federal rules), there is no basis for Plaintiff to believe that this particular action was exempt from expert witness disclosures under the requirements of Rule 26, based on Plaintiff's own admissions.  Third, Plaintiff's half-hearted attempts at expert witness disclosures belie Plaintiff's purported uncertainty as to whether Rule 26 applies in this case.  See, Doc. 25.  Fourth, Plaintiff's confusion

---

[1] In addition to the claim alleged under the "Individuals with Disabilities Education Act" ("IDEA"), the Complaint alleges that Defendants violated Title II of the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act, 29 U.S.C. §794, Equal Protection under the Fourteenth Amendment, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

should have been set right from the Initial Pretrial Report, which specifically set a deadline for Plaintiff to disclose her expert witnesses. Doc. 20 at 11. In fact, the deadline set in the IPTR was September 4, 2005, which was extended on Plaintiff's request and Defendant's consent, to September 20, 2005.

Plaintiff's alleged confusion apparently also extends to the "implications" of the federal rules for initial disclosures if Dr. Sachs and Ms. Dillon are treating physicians and not expert witnesses. Under this district's local rules, treating physicians are exempt from federal disclosure rules. See D.N.M.LR-Civ 26.3(b); See Davoll v. Webb, 194 F.3d 1116, 1138-39 (10th Cir.1999) (treating physician who has not been identified as an expert witness pursuant to Rule 26(a)(2) "may not provide testimony beyond the scope of her treatment of plaintiff" and witness' conclusion "must fall within the province of a lay witness") (citation omitted).

There should be no confusion here. In the response to the Defendants' motion, Plaintiff states that the reports and opinions generated by Dr. Sachs and Ms. Dillon were not generated for this civil litigation, but rather "in the course of treatment in 2002" (with regard to Dr. Sachs) and "to provide testing information for use at the IDEA due process hearing" (with regard to Ms. Dillon"). However, in her initial identification of experts, Plaintiff has previously represented that she intended to use the testimony of these individuals as experts. Plaintiff stated that Dr. Sachs "will provide expert testimony in this case. . . ." Doc. 25 at 1. Ms. Dillon's reading evaluation was prepared at the request of Plaintiff's counsel, and was not prepared in the course of any treatment provided to Plaintiff-Student. Thus, the testimony of both Dr. Sachs and Ms. Dillon clearly falls within the category of expert witness testimony, and Plaintiff was required to fully comply with the disclosure requirements of Rule 26(a). Further, Plaintiff's uncertainty as to

4

whether Ms. Dillon would testify at trial does not excuse compliance with expert witness disclosures.  The Rule requires that ". . . a party **shall** disclose to other parties the identify of any person who **may** be used at trial . . .") (emphasis added).  Rule 26(a)(2)(A).

Unquestionably, Plaintiff has failed to comply with the disclosure requirements of Rule 26(a).  I must now determine whether sanctions are appropriate, and if so, the nature of those sanctions.

## II.     Whether Sanctions are Appropriate, and Nature of Sanctions

Rule 37(c)(1) provides:

[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [which govern initial disclosures and required supplements thereof] shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the  discretion of the district court.  Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir.1996).  A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. United States v. $9,041,598.68, 163 F.3d 238, 252 (5th Cir.1998).   In addition to considering the justification of harmlessness of the violation, the Court also considers other factors: 1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness.  Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co., 170 F.3d 985 (10th Cir. 1999).

I find that Plaintiff's asserted confusion regarding the application of the federal disclosure

rules to this case is unfounded and perhaps even disingenuous. Other than being "unsure" of the implications of these rules, Plaintiff has failed to present any valid reason or justification for the failure to submit information which is expressly required under Rule 26(a)(2), or for any delay in supplementing the sparse information provided in the initial expert identification. <u>See</u>, <u>Salgado by Salgado v. General Motors Corp.</u>, 150 F.3d 735, 742 (7th Cir. 1998) (expert reports "must not be sketchy, vague, or preliminary in nature"). Plaintiff's avowed uncertainty is belied by half-hearted attempts at complying with Rule 26(a) in her initial identification of expert witnesses. <u>See</u>, Doc. 25. Plaintiff now requests that the Court allow supplementation of the expert reports for these witnesses. Information which is missing from these disclosures is very clearly and specifically designated as required under Rule 26(a)(2)(B). Plaintiff has had ample opportunity to obtain "clarification" of the applicability of Rule 26 to this lawsuit since the initial disclosures were made in September of 2005, yet Plaintiff has not provided any additional information regarding these witnesses' reports and testimony.

The deficiencies of Plaintiff's disclosures are best characterized as incomplete and inadequate rather than a complete failure to disclose, which would, in some circumstances, call for less severe sanctions. <u>See</u>, <u>e.g.</u>, <u>Mounger v. Goodyear Tire & Rubber Co.</u>, unpubl. opin, 2000 WL 1466198 (D.Kan.,2000) (court declined to sanction plaintiff for failure to adequately disclose, since expert report was deficient in terms of extensiveness of information rather than a general failure to disclose information required by Rule 26(a)(2)(B)). However, I find more severe sanctions are appropriate in the instant case.

Exclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a) where there is not substantial justification for the failure to disclose, unless the failure

is harmless.  Rule 37(c); see, Pena-Crespo, 408 F.3d at 14.

Plaintiff's failure to comply with the requirements of Rule 26(a) is not harmless.  Trial in this case is set for August 7, 2006, which is three months away.  Discovery, which was extended at least once by stipulation of the parties, ended two months ago.  Based on the incomplete information provided by Plaintiff as to Dr. Sachs and Ms. Dillon, Defendants have not been able to ascertain what experts, if any, are necessary to rebut the testimony and opinions of Plaintiff's experts, or to decide whether depositions are financially feasible.  See, Pena-Crespo v. Puerto Rico, 408 F.3d 10, 14 (1st Cir. 2005) (failure to provide an expert report that satisfies the specific requirements of Rule 26(a)(2)(B) undermines opposing counsel's ability to prepare for trial).

This Court is not inclined to reopen discovery to allow for the possibility that Defendants wish to take these experts' depositions, following full disclosure under Rule 26 by Plaintiff.  Defendants would have been able to make these decisions in a more timely manner had Plaintiff sought to eliminate "confusion" over the federal rules in any number of ways.

Therefore, the Court shall grant Defendants' motion to strike Plaintiff's proposed experts, Dr. Sachs and Ms. Dillon, and preclude Plaintiff from relying upon any of their reports, opinions, or conclusions, either in written form or in the form of testimony at trial.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Strike Designated Expert Witnesses **(Doc. 31)** is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE