# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JESSICA GARCIA, on behalf of her minor child,
MYISHA GARCIA,

    Plaintiff,

v.                                                         CIV. NO. 05-0062 WPJ/WPL

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS, ELIZABETH EVERITT, in
her individual and official capacity, DEBI HINES,
in her individual and official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL EVIDENCE

THIS MATTER comes before the Court upon Plaintiff's Motion for Additional Evidence, filed April 10, 2006 **(Doc. 91).** The Court received oral argument on this motion at a hearing before the undersigned, and took the matter under advisement.

Plaintiff alleges, on behalf of her daughter, various constitutional violations, and seeks partial reversal of an administrative decision on which she bases her claim brought under the Americans with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq. Plaintiff is requesting implementation of the remedy awarded by the Administrative Appeals Officer ("AAO") as well as two years of specialized compensatory education (the AAO awarded one year compensatory education which included a specialized evaluation). Defendant Albuquerque Public Schools ("APS") also appeals from the AAO decision, which found that APS denied Plaintiff-Student a free appropriate and public education ("FAPE") in the 2003-04 school year.

**I.   Legal Standard**

Judicial review in IDEA cases "differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." Murray By and Through Murray v. Montrose County School Dist. RE-1J 51 F.3d 921, 927 (10th Cir 1995) (citing Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1471 (9th Cir.1993)), cert. denied, 513 U.S. 825 (1994). The IDEA specifically requires a district court reviewing a challenge under the IDEA to "receive the records of the administrative proceedings,. . . hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence," grant any appropriate relief.  20 U.S.C. § 1415(e)(2).   The district court must therefore independently review the evidence contained in the administrative record, accept and review additional evidence, if necessary, and make a decision based on the preponderance of the evidence, while giving "due weight" to the administrative proceedings below.  This has been described as a "modified de novo review."

There is a split in the circuits on how broadly the term "additional evidence" should be construed, and the Tenth Circuit has not addressed the issue directly.  However, there is some indication that the Tenth Circuit would follow the majority of courts which define "additional evidence" narrowly to mean "supplemental."  See, e.g., Town of Burlington v. Department of Education, 736 F.2d 773, 791 (1st Cir.1984), aff'd, 471 U.S. 359 (1985); Monticello School Dist. No. 25 v. George L. on Behalf of Brock L., 102 F.3d 895 (7th Cir. 1996); and Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1472-73 (9th Cir.1993).[1]

---

[1] The Sixth Circuit has disagreed with the First Circuit's interpretation, applying a broader stroke to the term.  Metropolitan Gov't v. Cook, 915 F.2d 232 (6th Cir. 1990).  The Sixth Circuit held that "additional," in its ordinary usage, "implies something that is added, or something that

In <u>Johnson ex rel. Johnson v. Olathe Dist. Schools</u>, 212 F.R.D. 582, 585 (D.Kan.,2003), the court determined that the First Circuit standard set out in <u>Burlington</u> was the appropriate standard for the admission of additional evidence in IDEA cases, and noted that the majority of courts addressing the issue have also followed <u>Burlington</u>.  <u>See</u> <u>also</u>,  <u>L.B. ex rel. K.B. v. Nebo School Dist</u>. 379 F.3d 966, 974 (10th Cir. 2004) (although the district court may accept additional evidence, such evidence is merely *supplemental* to the administrative record) (citing <u>Ojai</u>, 4 F.3d at 1472-73) (emphasis added).

Under this more restrictve standard, each situation will be different, but examples of additional evidence could include: allowing a previously unavailable witness to testify, allowing introduction of evidence that may have been improperly excluded below by the administrative agency, and allowing evidence concerning subsequent events since the administrative hearing. <u>Johnson v. Olathe Distr. Sch</u>., 212 F.R.D.at 585 (citing <u>Burlington</u> at 212 F.R.D. at 586); <u>see</u> <u>also</u> <u>Ellis v. Rio Rancho Pub. Sch. Dist.,</u> Civil No. 03-1085 (D.N.M. 2003) (Doc. 80, "Order allowing limited additional evidence at evidentiary hearing").  The district court's proceedings must maintain the character of review and not rise to the level of a de novo trial. <u>Nebo School Dist</u>. 379 F.3d at 974.  The decision whether to take additional evidence is in the discretion of the trial judge.  <u>Johnson v. Olathe Sch. Dist</u>., 212 F.R.D. 582, 585 (D.Kan. 2003)

## II.      Proposed Additional Evidence

The evidence Plaintiff seeks to add to the record falls into two categories: (1) evidence which was not available at the time of the administrative due process hearing, and (2) evidence

---

exists by way of addition.  915 F.2d at 234, <u>cited in</u> <u>Murray v. Montrose County School District RE-1J et al.</u>,51 F.3d 921 at 931 n.15.

concerning events that happened after the administrative due process hearing.[2]

Under the first category of evidence is:

(1) Evidence comparing the reading instruction at West Mesa High School ("WMHS") (including the training records of her reading teachers) to reading instruction made available by a Wilson trained teacher, which was not offered to Myisha Garcia ("Myisha");

(2) Evidence concerning APS policies on the provision of social work and psychological services;

(3) Evidence concerning the inadequacy of the APS "UNISYS" computer system indicating that Myisha had an "Individual Education Plan," or "IEP," which Plaintiff claims is relevant to the question of APS' "good faith" implementation of IDEA;

(4) 1997 memo from NM State Director of Special Education to local school districts in New Mexico, which concerns Myisha's "disenrollment" from West Mest Mesa in January 2004;;

(5) Evidence concerning outcomes forWMHS students during the relevant school years, some of which was "improperly" excluded at the hearing and was not available at the time of the hearing;

The second category of evidence consists of:

(6) APS' failure to implement the Administrative Appeals Officer ("AAO") order, which was a "stay put" order.

(7) Myisha's IEPs and education at Del Norte High School during 2004-05, and 2005-06 school years (documentary and testimonial evidence).

---

[2] The Court does not necessarily agree with Plaintiff's characterization of the material included in these two categories, but follow them here for purposes of clarity and convenience.

**III.     Court's Rulings on Proposed Additional Evidence**

In determining whether to grant Plaintiff's request, I consider whether such supplemental evidence will be helpful to the Court in its review of the hearing officers' decisions. The Court finds, in its discretion, that the following evidence and testimony will be allowed in accordance with Plaintiff's request:

**(1)     Evidence comparing the reading instruction at WMHS**: Plaintiff's requested evidence in this grouping seeks the addition of a broad spectrum of evidence, much of which could have been elicited through testimony at the due process hearing ("hearing") or which relates to new issues not relevant to those under review in this litigation. For example, teacher training records for those teachers who taught Myisha reading would be relevant if Plaintiff's objective is a far-reaching indictment of teacher preparation for teachers of reading instruction who are employed by APS -- but this was not an issue which was addressed in the administrative process. If Plaintiff's purpose in introducing these records is to show the superiority of the Wilson Reading system over other reading systems offered by APS and considered effective by the school district, it is also outside the bounds of this appeal.

Plaintiff also seeks to supplement the record to include evidence regarding the exact nature of the reading instruction she received in the fall of 2002 and the fall of 2003. Defendant contends that the record already contains testimony on this issue. Based on my review of the existing evidence as suggested by Defendant, I find that additional evidence on reading instruction which Myisha actually received, whether or not it was consistent with the May 2002 IEP, would be helpful in assisting the Court in its review of the hearing officers' findings and conclusions regarding the adequacy or inadequacy of reading instruction afforded Myisha in the fall semesters

5

of 2002 and 2003 (AR 531, FF 31, and 692, CL 8).  Therefore, Plaintiff may supplement the record with testimony and materials concerning the reading instruction Myisha received (or was supposed to receive, had she attended class) for the fall semesters of 2002 and 2003.  Plaintiff's request to supplement the record with other evidence contained in this category is denied.

**(2)     Evidence concerning APS policies on the provision of social work and psychological services**:  I find that Plaintiff has administratively exhausted this issue.  The Due Process Officer ("DPO") made findings regarding a social work services referral in the May 2002 IEP in the context of her findings on related services.  Administrative Record ("AR") 537.  The DPO found that the referral could not be carried out because after the December 12, 2003 IEP meeting, "there was no student to evaluate" due to Myisha's absence from school.  AR537, ¶ 73-77.[3]  The Administrative Appeals Officer ("AAO") found that the December 2003 IEP included receipt of social work services "if appropriate following assessment."  AR 686, ¶ 70.

Plaintiff wishes to call a witness deposed for this lawsuit in order to rebut a witness who testified at the due process hearing that a student whose primary problem is truancy would not qualify for social work intervention.  The issue here is whether Myisha's absences from school (or unavailability for services) would have had an effect on APS' obligation to provide her with social work services as a "related service" under the IDEA.  Thus, I find that the specific additional evidence Plaintiff requests on this issue may have a bearing on determining the correctness underlying the hearing officers' findings.  Plaintiff will be allowed to supplement the record with this witness' testimony, as well as any relevant and specific APS policy on this subject.

---

[3] Myisha missed her fall finals for the 2003 fall semester, and was not enrolled at WMHS for the spring 2004 semester.  See Mem. Op. & Order on Plaintiff's Race Discrimination Claims, Doc. 108 at 6.

**(3)    Evidence concerning the inadequacy of the APS "UNISYS" computer system**:  Plaintiff claims that this evidence was not available at the time of the due process hearing because she did not know until the hearing that no WMHS staff had ever reviewed an IEP for Myisha during the 2003-04 school year until November 2003.  The lateness of the December 2003 IEP is not in dispute, and therefore the reason for its delay is irrelevant for purposes of this review.  Further, a challenge to the adequacy of APS' computer system has not been exhausted administratively, and cannot be raised here for the first time.  Therefore, Plaintiff's request for additional evidence in this category is denied.

**(4)    1997 memo from NM State Director of Special Education to local school districts in New Mexico**:  Plaintiff seeks to show that WMHS's disenrollment of Myisha was a failure on APS' part to fulfill its "child find" obligations under federal statute.[4]  As a result of Myisha's disenrollment, Myisha was absent from school for part of the spring 2004 semester. While this case does not appear to include a "child find" issue, the Court is willing to hear Plaintiff's argument, based partly on this 1997 memo, that APS' disenrollment of Myisha was contrary to its legal obligations under federal law.  I find that this issue was raised at the administrative level.  AR 674.  Plaintiff may supplement the administrative record with this 1997 memo.

**(5)    Evidence concerning outcomes for West Mesa High School students during the relevant school years**:  Plaintiff's purpose in requesting this additional evidence is that

---

[4] A school district's "child find" obligations arise from 20 U.S.C.A. § 1412(a)(3)(A), which requires that children who are in need of special education and related services "are identified, located, and evaluated" and that "a practical method is developed and implemented to determine which children with disabilities are currently receiving needed special education and related services."

Myisha was not to blame for her "failure" when statistically, otherWMHS students had similar educational outcomes. I find that this information is not necessary in order to put into context Myisha's educational failure, particularly when the AAO's and this Court have the benefit of Myisha's own testimony. I also would not characterize this evidence as "improperly excluded" at the hearing. Because the IDEA mandates individualized assessment and implementation of education plans, how other students fared at APS is not relevant to the issue of whether or not APS failed Myisha;

**(6)    APS' failure to implement the Administrative Appeals Officer ("AAO") order, which was a "stay put" order and (7) Myisha's IEPs and education at Del Norte High School during 2004-05, and 2005-06 school years (documentary and testimonial evidence)**: Plaintiff claims this evidence is necessary to balance out the hearing officer's repeated "blame" of Myisha and her mother for Myisha's educational failures. As evidence which became available subsequent to the administrative process, it should be allowed to supplement the record. See, Murray v. Montrose County Sch. Dist RE 1J, 51 F.3d 921, 931 (10th Cir. 1995) ("Even under the more restrictive interpretation taken of 'additional evidence'. . . , arguably evidence relating to a child's educational progress subsequent to the due process hearing would be relevant to a determination of appropriate placement pursuant to an IEP."). Further, such evidence would be helpful to the Court in determining whether the equitable relief awarded by the AAO was adequate or justified.

## IV.    Whether Additional Time or Hearing is Required

It appears that most of the additional evidence I am allowing in to supplement the record is documentary evidence, and that the only additional witness testimony is testimony from Mr. Bill

Greaves, which Plaintiff seeks to offer to rebut testimony given at the hearing by Ms. Bankston. See, Exs. 1 & 2 attached to Response.

It is not clear whether APS has already provided Plaintiff with the necessary documentary evidence during discovery in the course of this litigation. Parties shall inform the Court in the form of a Notice or Motion, whether additional time is necessary in order to get this evidence filed with the Court as supplemental evidence, and also whether a hearing is necessary for the Court to take additional witness testimony.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Additional Evidence **(Doc. 91)** is GRANTED IN PART and DENIED IN PART, as set forth in this Memorandum Opinion and Order.

**IT IS ALSO ORDERED** that parties shall notify the Court in form of Notice or Motion regarding the necessity of additional time in which to file the additional evidence, and/or the need for a hearing for the Court to take additional witness testimony, on or before Friday, June 30, 2006. The Notice or Motion should state whether parties are able to agree on either the need for additional time or the necessity of a hearing.

_____
UNITED STATES DISTRICT JUDGE